
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                                         )         No. 69642-4-I
                                           )
                   Respondent,        )         DIVISION ONE
                                           )
       v.                                     )
                                           )
KYLE ALLYN HEWSON,            )         UNPUBLISHED
                                           )
                   Appellant.          )         FILED: <u>January 13, 2014</u>
                                           )

COX, J. – Kyle Allyn Hewson challenges his judgment and sentence, claiming the evidence is insufficient to support his conviction for possessing methadone with intent to deliver. We disagree and affirm.

The State charged Hewson with violation of the Uniform Controlled Substances Act, possession with intent to manufacture or deliver methadone.

Hewson entered into an agreement to participate in drug diversion court. In order to participate, Hewson waived many of his constitutional rights. The agreement stated:

> With respect to this/these charge(s), I understand that I have a right to contest and object to evidence that the State may present against me and to present evidence on my own behalf. With respect to this/these charge(s), I give up the right to contest and object to any evidence presented against me and to present evidence on my own behalf as to my guilt or innocence. I understand and agree that if I do not comply with the conditions of this agreement, a hearing will be held at which the State will present evidence related to this/these charge(s) including but not limited to the police report and the results of any law enforcement field test. I stipulate that the field test used in this case was

accurate and reliable, and is admissible. This stipulation is not an admission of guilt, and is not sufficient, by itself, to warrant a finding of guilt. I understand that the judge will review the evidence presented by the State and will decide if I am guilty or not guilty of this charge based solely on that evidence . . . .[1]

The agreement also stated that upon successful completion of the program, Hewson's charge would be dismissed.

Hewson voluntarily left the program after more than a year of participation. Accordingly, the court reviewed the evidence presented by the State, including police reports and the charging document.

At the stipulated trial, Hewson argued that the evidence was insufficient to show beyond a reasonable doubt the identity of the pills as methadone. The court found that there was sufficient evidence, beyond a reasonable doubt, "given all the materials." The court imposed the agreed recommended sentence of 12 months plus one day, which Hewson had already completed.

Hewson appeals.

## SUFFICIENCY OF THE EVIDENCE

Hewson argues that the evidence is insufficient to support his conviction for possessing methadone with intent to deliver. Specifically, he argues that the evidence is insufficient to prove that the substance found in his girlfriend's purse was methadone because there was no field test, no lab test, and no confession by Hewson. We disagree.

---

[1] Clerk's Papers at 7.

Due process requires the State to prove beyond a reasonable doubt all the necessary facts of the crime charged.[2] A defendant in drug court who agrees to have his guilt determined based on documentary evidence does not waive his right to have that determination established beyond a reasonable doubt.[3]

A sufficiency of the evidence analysis, "by its terms, is fact sensitive."[4] "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt."[5] "When the sufficiency of the evidence is challenged in a criminal case, all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant."[6]

A chemical test "is not vital to uphold a conviction for possession of a controlled substance."[7] "Circumstantial evidence and lay testimony may be sufficient to establish the identity of a drug in a criminal case."[8] Circumstantial

---

[2] State v. Colquitt, 133 Wn. App. 789, 796, 137 P.3d 892 (2006).

[3] See id. at 795-96.

[4] State v. Hernandez, 85 Wn. App. 672, 678, 935 P.2d 623 (1997).

[5] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[6] Id.

[7] Colquitt, 133 Wn. App. at 796.

[8] Hernandez, 85 Wn. App. at 675.

evidence is as equally reliable as direct evidence.[9]

In determining whether circumstantial evidence proves the identity of the substance beyond a reasonable doubt, courts have looked to the following, non-exhaustive, list of factors:

> (1) [T]estimony by witnesses who have a significant amount of experience with the drug in question, so that their identification of the drug as the same as the drug in their past experience is highly credible; (2) corroborating testimony by officers or other experts as to the identification of the substance; (3) references made to the drug by the defendant and others, either by the drug's name or a slang term commonly used to connote the drug; (4) prior involvement by the defendant in drug trafficking; (5) behavior characteristic of use or possession of the particular controlled substance; and (6) sensory identification of the substance if the substance is sufficiently unique.[10]

Here, the circumstantial evidence is sufficient to prove that the substance was methadone.

First, there is testimony by an expert as to the identification of the substance. Deputy Mullinax testified that he is a drug recognition expert who has received training on narcotic investigations. Further, during his training as a drug recognition expert, he was "trained in the identification of prescription drugs—especially those which are commonly abused."

Deputy Mullinax further testified that 10 pills that he recovered were methadone. Deputy Mullinax identified the pills in a drug bible and there are photographs to show the physical comparison.

---

[9] State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

[10] Colquitt, 133 Wn. App. at 801.

Second, Hewson and others made references to methadone. Hewson concedes that text messages were sent from his girlfriend's phone that referred to methadone using its slang term. Hewson admitted that he and his girlfriend both used the cell phone. Moreover, a cooperating witness stated that Hewson texted him asking if he wanted some "dones." He indicated that "dones" is a slang term for methadone.

Third, there is evidence that Hewson had prior involvement in drug dealing. The cooperating witness stated that Hewson is a drug user and dealer. He said Hewson had been dealing for at least one or two months.

Further evidence is the statement from the cooperating witness that Hewson negotiated the sale of methadone for the transaction resulting in this arrest. The witness stated that Hewson negotiated the sale of ten methadone pills for $60. The witness said that the negotiated price was an average amount for methadone. It is also noteworthy that this was the same number of methadone pills recovered by Deputy Mullinax.

Finally, the text messages on the cell phone used by Hewson provide additional evidence as to the substance's identity. The phone log revealed a significant number of messages related to selling drugs. Many of these outgoing text messages were sent on the on the same date as this incident and specifically discussed methadone. Among them, include the following: "you still need some dones? ...i finally got ahold of some."[11] Overall, there appear to be

---

[11] Clerk's Papers at 71. See also id. at 70 ("you want some methadones?"); id. ("you want some dones?"); id. at 71 ("i got some reg. dones"); id. at 72 ("i got some reg dones you want them").

messages sent to about 14 people regarding the sale of "dones" on the same date as this incident.

In sum, when viewing the circumstantial evidence in a light most favorable to the State, there was sufficient evidence for any rational trier of fact to find that substance was methadone.

Hewson primarily relies on State v. Colquitt to argue that the evidence is insufficient.[12] In that case, Division Two held that an officer's statement that the substance "appeared" to be cocaine, along with a positive field test for cocaine, was insufficient to support the conviction.[13] But there, the court stated that the problem was "the paucity of information supporting the officer's identification" and that the evidence only demonstrated "that the officer's visual identification of the items was based on his conjecture, at best."[14] The court also stated that the record was "devoid of evidence of the officer's experience and training that would allow him to properly identify the items as cocaine."[15]

Here, unlike Colquitt, there is evidence in the record of Deputy Mullinax's experience and training. As discussed above, Deputy Mullinax is a drug recognition expert with experience working in narcotics investigations. Additionally, there is evidence about how Deputy Mullinax made his

---

[12] Brief of Appellant 7-11 (citing Colquitt, 133 Wn. App. 789, 137 P.3d 892 (2006)).

[13] Colquitt, 133 Wn. App. at 794.

[14] Id. at 800.

[15] Id. at 801.

identification—use of the 2010 drug bible. Accordingly, Deputy Mullinax's testimony was based on more than conjecture.

Hewson also argues that the State "failed to present evidence concerning most of the factors" set forth in Colquitt. But the factors in Colquitt are neither exhaustive nor dispositive. Further, Hewson concedes that the State presented evidence related to some of the factors. And, as we have discussed, several of the factors are present, including testimony from an expert as to the identification of the substance, references made to the drug by the defendant and others, and prior involvement of the defendant in drug dealing. Additionally, there is evidence beyond the factors, including Hewson's conversation with the cooperating witness and the outgoing text messages discussing the sale of methadone. Hewson's argument is not persuasive.

We affirm the judgment and sentence.

Cox, J.

WE CONCUR:

Spearman, A.C.J.