[No. 46508.   En Banc.   October 23, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. RODNEY
G. DELMARTER, *Petitioner.*

*Fred Diamondstone,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *William P. Harris, Deputy,* for respondent.

DOLLIVER, J.—Defendant, Rodney Guy Delmarter, was charged with simple assault and attempted theft in the first degree of property in Warren's Drug Store. None of the witnesses who testified at trial saw defendant enter the store, nor noticed him until he was near the prescription counter at the back of the store.

Defendant testified that he went to the drugstore to purchase some cough syrup, placed his change on the pharmacy counter, and some of it rolled off the counter to the floor inside the pharmacy area. Defendant stated he then went behind the counter, which is off limits to customers, to pick up his change. He further testified that he was looking for the pharmacist at that time. Entry to the pharmacy area is through a swinging door and a step up about 8 inches onto the raised floor.

The pharmacist testified that he first observed defendant in the area near the prescription counter walking around among the shelves and magazine racks, and that he saw defendant weaving and looking behind the counter to see if anybody was there. Later, he found defendant inside the pharmacy area crouched down on the floor in front of but facing away from a camouflaged cash drawer. The pharmacist also testified that, shortly before the incident, a clerk had obtained change from the cash drawer; that it was used to make change many times a day; and that the requests for change were sometimes shouted by clerks at the other end of the store. When the pharmacist confronted defendant, a struggle ensued which resulted in the assault conviction. Defendant broke away and fled from the store with his two companions.

Testimony at trial established that a camouflaged cash drawer, which appeared to be nothing more than a shelf containing medications, was situated behind the prescription counter approximately 17 feet from the swinging door used to enter the pharmacy area and that employees using

the cash drawer could be seen from various parts of the store. Approximately $1,800 in cash was in the drawer at the time of this incident along with certain controlled substances. The drugs concealed in the cash drawer were valued at approximately $100 acquisition cost while the retail value of all the drugs in the store was around $15,000.

Defendant was convicted of simple assault and attempted theft in the first degree. After the jury returned its verdict, defendant moved for a new trial and, in the alternative, asked the court to reduce the conviction to attempted theft in the third degree to conform with the evidence. Both motions were denied.

Defendant appealed only the conviction of attempted theft in the first degree. The Court of Appeals affirmed. *State v. Delmarter*, 23 Wn. App. 1024 (1979). We granted defendant's petition for review in which defendant seeks a remand of the case with instructions to reduce the grade of the conviction to attempted theft in the third degree.

█ Defendant was convicted of attempted theft in the first degree under RCW 9A.28.020(1), which provides:

A person is guilty of an attempt to commit crime if, *with intent to commit a specific crime,* he does any act which is a substantial step toward the commission of that crime.

(Italics ours.) Theft is defined in RCW 9A.56.020 as follows:

(1) "Theft" means:
(a) To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services; . . .

RCW 9A.56.030 establishes the elements of theft in the first degree:

(1) A person is guilty of theft in the first degree if he commits theft of:
(a) Property or services which exceed(s) one thousand five hundred dollars in value; . . .

While defendant concedes there is sufficient evidence to convict him of attempted theft, he asserts the evidence is

insufficient to prove he had the specific intent to take property valued in excess of $1,500.

Initially, defendant contends that to be convicted of attempted first degree theft, the State must prove he knew the property he attempted to steal had a value in excess of $1,500. Defendant confuses knowledge with intent. RCW 9A.56.020–.030(1)(a) does not include as an element of the crime that defendant must have knowledge of the value of the property. Defendant cites no case authority for his position other than *State v. Leach,* 36 Wn.2d 641, 219 P.2d 972 (1950), which concerns intent, not knowledge, and is not in point.

The crucial question is whether there is sufficient evidence that defendant intended to steal from the camouflaged cash drawer. Defendant claims that since there is no evidence he knew of the existence of the cash drawer there is insufficient evidence to convict.

■ The rule applied in this state by an appellate court in determining the sufficiency of the evidence in a criminal case has been altered recently by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). Prior to *Jackson,* it was necessary for the court,

> to be satisfied that there [was] "substantial evidence" to support either the state's case, or the particular element in question. When that quantum of evidence has been presented, there is *some proof* of the element or crime in question and the motion in arrest of judgment must be denied.

*State v. Randecker,* 79 Wn.2d 512, 518, 487 P.2d 1295 (1971). The standard of review enunciated in *Jackson,* however, now requires us to determine:

> whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime *beyond a reasonable doubt.*

(Last italics ours.) *Jackson v. Virginia, supra* at 319. We have recently applied the *Jackson* test in analyzing the

sufficiency of the evidence in a criminal case. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

Upon reviewing the evidence in the light most favorable to the State, we conclude that any rational trier of fact could have found the essential elements of attempted theft in the first degree. In determining the sufficiency of the evidence, circumstantial evidence is not to be considered any less reliable than direct evidence. *State v. Gosby,* 85 Wn.2d 758, 539 P.2d 680 (1975). Furthermore, the specific criminal intent of the accused may be inferred from the conduct where it is plainly indicated as a matter of logical probability.

The following evidence and inferences to be drawn therefrom support our holding that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt:

(1) The defendant was in a restricted access area without authorization; (2) the restricted character of the area was obvious, indicating a lack of the possibility of mistake; (3) the defendant was crouching in front of the cash drawer well inside the pharmacy, indicating knowledge of the existence of the drawer; (4) the cash drawer is some 17 feet inside the pharmacy area, indicating a lack of unintentional or mistaken entry into the area; (5) the cash drawer is 9 feet past the cash register, indicating that the defendant's actions were directed at the acquisition of the contents of the drawer; (6) patrons of Warren's Drug could, by observing the actions of store employees, learn of the existence and function of the drawer; and (7) immediately prior to the incident, store employees had obtained money from the cash drawer.

The Court of Appeals is affirmed.

ROSELLINI, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.

WILLIAMS, J. (dissenting)—Although the majority opinion correctly states the applicable test for analyzing a challenge

to the sufficiency of the evidence, I believe the majority has misapplied the test and reached the wrong result. I would remand the case with instructions to reduce the conviction to attempted theft in the third degree.

In my view, our task is to determine whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of attempted first degree theft. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

Applying this doctrine, there is no question, and indeed the defendant concedes, that a rational trier of fact could have found beyond a reasonable doubt the elements of attempted theft in the third degree. The statute provides, in pertinent part:

> (1) A person is guilty of theft in the third degree if he commits theft of property or services which does not exceed two hundred and fifty dollars in value.

RCW 9A.56.050(1).

There was substantial evidence in the record to establish the elements of attempted third degree theft. See majority opinion, at 638. A reasonable trier of fact could find beyond a reasonable doubt that all the elements of attempted third degree theft were present, from the following evidence: (1) defendant was in a restricted access area without authorization; (2) the restricted character of the area was obvious to customers; (3) the defendant was crouching down well inside the restricted area of the pharmacy; and (4) there was property of value within easy reach of defendant.

The entire record evidence fails, however, to rise to the level required for a rational trier of fact to find the elements of attempted *first degree* theft beyond a reasonable doubt. The record contains *no* evidence establishing which property defendant intended to take. There is no evidence that he had seen a store employee use the drawer, either immediately before the incident in question or at any time. The suggestion that defendant knew of the location of the camouflaged cash drawer is speculation at best. The existence of an intent to wrongfully obtain the contents of the

drawer may be plausible but more likely is an inference that defendant intended to take controlled substances from shelves adjoining the hidden cash drawer. The pharmacist testified that such drugs were in clear view on nearby shelves. In my opinion, no reasonable trier of fact, on the evidence adduced in this case, could find beyond a reasonable doubt that defendant intended to commit theft of the contents of the cash drawer.

Accordingly, I am compelled to dissent.

UTTER, C.J., and HOROWITZ and HICKS, JJ., concur with WILLIAMS, J.

Reconsideration denied December 9, 1980.