FILED
COURT OF APPEALS
DIVISION II

2014 MAR -4 AM 9: 21

STATE OF WASHINGTON

BY_____

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44116-1-II |
| Respondent, | |
| v. | |
| ASLAN M. JEFFERY, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — A jury found Aslan M. Jeffery guilty of attempting to elude a police vehicle. The jury also found, by special verdict, that Jeffery endangered someone other than himself or a pursuing officer. Jeffery appeals, arguing (1) there was insufficient evidence to support the jury's verdict, and (2) the special verdict form relieved the State of its burden to prove an essential element of the aggravating factor because it did not contain the specific term "endangered."[1] There was sufficient evidence to support the jury's verdict. Jeffery invited the

---

[1] Jeffery also challenges the sufficiency of the information based on the failure to include the word "endangered." However, Jeffery cites to the amended information. The third amended information, on which Jeffery went to trial read: "[A]t the time of the commission of the crime the Defendant endangered (i.e. threatened by physical injury or harm by the Defendant's actions) one or more persons other than the defendant or the pursuing law enforcement officers, contrary to RCW 9.94A.834 and 9.94A.533." Clerk's Papers at 40-41. Because the third amended information contains the exact wording Jeffery alleges was improperly omitted, and Jeffery never challenged the third amended information, his challenge to the sufficiency of the information lacks merit and will not be addressed further.

error in the special verdict form, therefore, this court is precluded from reviewing it. We affirm Jeffery's conviction.

## FACTS

On December 14, 2011, Shelton Police Officer Robert Andrew Auderer was on patrol. Auderer was wearing his police uniform and his patrol car was equipped with lights and sirens. At approximately 12:51 AM, Auderer observed a dark colored pickup truck spinning its tires and speeding down the roadway. Shortly after Auderer began following the truck, he activated the lights and sirens on his vehicle. After Auderer activated the lights and sirens on his vehicle, the truck continued to accelerate away from him. While pursuing the vehicle, Auderer observed the truck driving in a reckless manner, including driving at high rates of speed, failing to stop at stop signs, and crossing into oncoming lanes of traffic. Two additional law enforcement officers joined in the pursuit: Mason County Sheriff's Deputies Matt Gray and Michael Sargent. Eventually, the pursuit ended when the truck reached the end of a dead end road.

When the truck came to a stop, Deputy Sargent observed the three occupants exit the cab of the truck. One person in a black jacket exited the driver's side door, a person exited from the passenger side door, and a third person wearing a brown jacket exited the driver's side door after the person in the black jacket. Deputy Sargent and Officer Auderer pursued the person who ran from the passenger side of the truck and apprehended him. Deputy Gray, a K-9 officer, observed the person in the black jacket who exited from the driver's side of the truck run into a wooded area. He was also able to maintain a line of sight on the second person who exited the driver's side of the truck and released his dog to apprehend that suspect. Gray's dog stopped the suspect, who was wearing a brown jacket, approximately 10 feet into the wooded area. Gray

apprehended that suspect, Joseph Tindall, and returned to the police vehicles. Gray harnessed his dog and began a track for the third suspect wearing the black jacket. Gray and Auderer ultimately apprehended the third suspect in the wooded area. The third suspect, wearing the black jacket, was identified as Jeffery.

On December 15, 2011, the State charged Jeffery with one count of attempting to elude a police vehicle. RCW 46.61.024. Prior to trial the State filed a third amended information charging Jeffery with one count of attempting to elude a police vehicle and a sentencing enhancement for endangering persons other than the defendant and the pursuing officers. Jeffery's jury trial began on September 6, 2012. Officer Auderer, Deputy Gray, and Deputy Sargent testified to the facts stated above.

The jury returned a verdict of guilty for attempting to elude a police vehicle. The jury also answered yes to the special verdict form which read:

> Was any person, other than the defendant or a pursuing law enforcement officer, threatened with physical injury or harm by the actions of the defendant during his commission of the crime of attempting to elude a police vehicle?

Clerk's Papers at 17. The trial court sentenced Jeffery to 12 months on the attempting to elude a police vehicle plus the mandatory consecutive sentencing enhancement of 12 months and one day. Jeffery appeals.

## ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Jeffery argues that there was insufficient evidence to support the jury's verdict. Specifically, Jeffery argues that the State presented insufficient evidence to prove that he was the

driver of the truck. Jeffery is incorrect. Viewed in the light most favorable to the State, sufficient evidence supports the jury's guilty verdict.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. All "reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Salinas*, 119 Wn.2d at 201. Circumstantial evidence and direct evidence are deemed equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To convict Jeffery of attempting to elude a police vehicle the State is required to prove: (1) Jeffery was the driver of the truck, (2) he willfully failed or refused to immediately bring the truck to a stop, (3) he operated the truck in a reckless manner, (4) he was given a visual or audible signal to bring the truck to a stop, (5) the officer was in a uniform, and (6) the officer's vehicle was equipped with lights and sirens. RCW 46.61.024. At trial, Jeffery conceded that the crime of attempting to elude had been committed; however, he disputed whether he was the driver of the vehicle. He renews his claim on appeal.

Here, Deputy Sargent testified that the first person who exited the driver's side of the truck was wearing a black jacket. Deputy Gray testified that the second suspect he apprehended was the first person who jumped from the driver's side of the vehicle, and the suspect was

4

wearing a black jacket. Deputy Auderer testified that the suspect he helped Deputy Gray apprehend in the woods was wearing a black jacket. Both Gray and Auderer identified Jeffery as the second suspect they apprehended and as the suspect who was wearing a black jacket. Based on the officers' testimony it is reasonable to infer that the first person to exit the driver's side of the truck was the driver. The person that could reasonably be inferred to be the driver was wearing a black jacket, and Jeffery was wearing a black jacket when he was apprehended. Therefore, any rational trier of fact could find that Jeffery was the driver of the vehicle. Sufficient evidence supports the jury's guilty verdict.

SPECIAL VERDICT FORM

Jeffery argues that the special verdict form omitted an essential element of the sentencing enhancement, and as a result relieved the State of its burden to prove all essential elements of the sentencing enhancement beyond a reasonable doubt. The State argues that Jeffery waived his challenge by failing to object to the jury instruction at the trial court. Jeffery argues that failing to include an essential element of a sentencing enhancement is a manifest error affecting a constitutional right which may be raised for the first time on appeal. RAP 2.5(a)(3). Generally, Jeffery would be correct. *See State v. Gordon*, 172 Wn.2d 671, 677, 260 P.3d 884 (2011) (failure to instruct the jury on every element of an offense is an error of constitutional magnitude under RAP 2.5(a)(3)). However, because Jeffery invited the error, this court is precluded from reviewing it on appeal.

The invited error doctrine prohibits a party from setting up an error at trial and then complaining of the error on appeal. *State v. Wakefield*, 130 Wn.2d 464, 475, 925 P.2d 183 (1996). "Under the doctrine of invited error, even where constitutional rights are involved, we

5

are precluded from reviewing jury instructions when the defendant has proposed an instruction or agreed to its wording." *State v. Winings*, 126 Wn. App. 75, 89, 107 P.3d 141 (2005). When reviewing the jury instructions the following exchange took place:

> [COURT]: Looking at the special verdict form, any concerns about the way the special verdict form is set out?
> [DEFENSE COUNSEL]: No, your Honor.

2 Report of Proceedings at 266. Here, Jeffery did not simply fail to object to the special verdict form, he stated on the record that he did not have any concerns about the special verdict form. Therefore, any error in the special verdict form was invited and this court is precluded from reviewing it.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, C.J.

_____
Johanson, J.