FILED
COURT OF APPEALS
DIVISION II

2014 SEP -3 AM 3: 34

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45002-0-II |
| Respondent, | |
| v. | |
| MARYLENA SHERMEIRA BLOCKMAN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Marylena Shermeira Blockman appeals from the judgment and sentence imposed following her convictions for unlawful delivery of a controlled substance, bail jumping and obstructing a law enforcement officer. She argues that: (1) the trial court erred in allowing testimony from her son's probation officer and (2) the State failed to present sufficient evidence that she obstructed a law enforcement officer. In her Statement of Additional Grounds (SAG) under RAP 10.10, she asserts that she received ineffective assistance of counsel, that the jury should have been instructed on a lesser included offense of conspiracy and that the evidence against her on the unlawful delivery of cocaine conviction was insufficient. The State denies that the trial court erred in admitting evidence but concedes that there was insufficient evidence of obstructing a law enforcement officer. We affirm Blockman's convictions for bail jumping and

No. 45002-0-II

unlawful delivery of a controlled substance, vacate Blockman's conviction for obstructing a law enforcement officer, and remand for resentencing on the remaining convictions.

FACTS

S.G.[1] volunteered to participate in a $300 controlled buy of cocaine from Connie Calloway. When the supervising detective drove her to the agreed-upon meeting place, S.G. met with Calloway and another woman who was with Calloway, Blockman. After a dispute as to whether the transaction was to occur inside or outside Calloway's vehicle, Blockman said to S.G. "just give it to me" and took the $300 from S.G. 2 Report of Proceedings (RP) (June 3, 2013) at 145. An officer who walked by the car overheard Blockman's statement. Blockman gave the $300 to Calloway, took a package from Calloway and gave it to S.G. S.G. then gave the package to the detective. The contents of the package later tested positive for cocaine.

Calloway and Blockman were stopped by police as they drove away. Blockman initially gave her name as Bonitta Burnette.[2] After she arrived at the jail for booking, Blockman provided her true name.

The State charged Blockman with unlawful delivery of cocaine and with obstructing a police officer. At her arraignment on August 24, 2012, the trial court entered an Order Establishing Conditions of Release that ordered Blockman to not travel outside Pierce, King, Thurston and Kitsap Counties. It also entered an Order Continuing Trial that ordered Blockman to appear at an omnibus hearing on January 8, 2013. Blockman did not appear for that omnibus hearing. The State then amended its information to add a charge of bail jumping.

---

[1] We use initials to maintain confidentiality. We mean no disrespect.

[2] Blockman testified that she told the police that her name was Banika Burnette. RP (June 4, 2013) at 66.

2

At trial, the State called Patrice Paschich, who was Blockman's son's probation officer, to testify as to a conversation she had with Blockman in December 2012. Blockman objected on grounds of relevance. The trial court allowed the testimony under ER 404(b) as being relevant to Blockman's state of mind as to the bail jumping. Paschich testified that Blockman told her that she was in California and did not plan to return to Washington in the near future.

Blockman testified that she knew Calloway and was present during S.G.'s meeting with Calloway, but denied listening to their conversation, being aware that a drug deal was occurring, taking the money from S.G. or giving the money to Calloway. The jury found her guilty as charged. Blockman appeals.

## ANALYSIS

1.     ER 404(b)

Blockman argues that the trial court erred in admitting the testimony from Paschich. We review the admission of evidence under ER 404(b) for an abuse of discretion. *State v. Tharp*, 27 Wn. App. 198, 205-06, 616 P.2d 693 (1980), *aff'd*, 96 Wn.2d 591 (1981).

Blockman contends that the trial court abused its discretion because intent is not an element of bail jumping, so her state of mind was irrelevant. And she contends that the testimony was highly prejudicial in that it suggested that she was an irresponsible mother. ER 404(b) prohibits admission of the defendant's other bad acts "to prove the character of a person in order to show action in conformity therewith." Here, the evidence is not evidence of Blockman's other bad acts. Therefore, the evidence is not evidence that would be used to prove Blockman's character, and, therefore, cannot be used to prove she acted in conformity with that character. Accordingly, the trial court did not abuse its discretion by admitting Paschich's testimony under ER 404(b).

Furthermore, the trial court recognized the potential for prejudice and restricted the State from soliciting any testimony about the circumstances surrounding the telephone conversation, particularly about the status of Blockman's son. Therefore, while the testimony was of limited relevance, we cannot say that the trial court abused its discretion in admitting it while ameliorating any unfair prejudice that unrestricted testimony may have created.

2.  SUFFICIENCY OF THE EVIDENCE

Blockman argues that the State failed to present sufficient evidence of obstructing a law enforcement officer because "some conduct in addition to making false statements" is required to prove that charge beyond a reasonable doubt. *State v. Williams*, 171 Wn.2d 474, 486, 251 P.3d 877 (2011). The State concedes that she is correct. We accept the State's concession, and we reverse and vacate Blockman's conviction for obstructing a law enforcement officer.

3.  SAG ISSUES

In her SAG, Blockman asserts that she received ineffective assistance of counsel because her counsel said he had subpoenaed Calloway and would call her as a witness, but did neither. To establish ineffective assistance of counsel, Blockman must demonstrate that her counsel's performance fell below an objective standard of reasonableness and that the result of her case would have been different but for defense counsel's deficient performance. *State v. McFarland*, 127 Wn.2d 322, 334-37, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Blockman does not identify how testimony from Calloway would probably have changed the result of the trial, especially given the fact that if Calloway were to have exonerated Blockman, Calloway would have had to inculpate herself. Blockman's ineffective assistance of counsel claim fails.

Blockman also asserts that the jury should have been instructed on a lesser included offense of conspiracy. We disagree. Blockman fails to point to any evidence of a conspiracy, and she denied knowing that a drug deal was occurring. Accordingly, Blockman's assertion that the jury should have been instructed on conspiracy as a lesser included offense fails.

Finally, Blockman asserts that the evidence was insufficient to support her unlawful delivery of cocaine conviction because the $300 in cash was not found after the arrest. "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. Circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). Taken in the light most favorable to the State, S.G.'s testimony as to the taking of the money and the exchange of the cocaine is sufficient evidence to support an unlawful delivery of cocaine conviction, particularly given the passing police officer's corroborating testimony. Thus, Blockman's SAG claim lacks merit.

No. 45002-0-II

We affirm Blockman's convictions for bail jumping and unlawful delivery of cocaine, reverse and vacate Blockman's conviction for obstructing a law enforcement officer, and remand to the trial court for resentencing on the remaining convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Bjorgen, A.C.J.

Melnick, J.

6