

2014 NOV 10 AM 8: 24

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) ) DIVISION ONE |
| Appellant, | ) ) No. 71332-9-I |
| v. | ) ) UNPUBLISHED OPINION |
| STEVEN WILLIAM STINE, | ) ) |
| Respondent. | ) FILED: November 10, 2014 ) |

DWYER, J. — In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Here, Steven Stine challenges the sufficiency of the evidence to support the jury's verdict that he committed one count of assault in the third degree. Finding the record replete with evidence in support of the verdict, we affirm.

I

The due process clauses of the federal and state constitutions require that the State prove every element of a crime beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a

finding of guilt beyond a reasonable doubt." Jackson, 443 U.S. at 318. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences from that evidence. State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Circumstantial evidence and direct evidence can be equally reliable. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the jury on questions of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. State v. Killingsworth, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012).

RCW 9A.36.031(1)(g) provides:

(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree: . . . (g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault.

Therefore, in order to convict Stine of assault in the third degree pursuant to RCW 9A.36.031(1)(g), the jury was required to find that the State proved beyond a reasonable doubt that Stine intentionally assaulted a law enforcement officer. The jury was instructed on the following definitions of assault and intention: "An assault is an intentional touching or striking of another person, that is harmful or offensive, regardless of whether any physical injury is done to the

person," and "A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result that constitutes a crime."

II

The evidence adduced at trial included the following: On the evening of October 3, 2013, at around 7:30 p.m., Lynnwood Police Officer Donald Blakely was driving through an area of Lynnwood looking for a bicycle that had been reported stolen. About two blocks from where Blakely took the initial report, he saw Stine walking a bicycle along the sidewalk. Blakely, who was in full uniform at the time, pulled his patrol car up to Stine and turned his spotlight on him.

Blakely made contact with Stine. Stine was slow to comply with Blakely's commands and acted in a way that made Blakely concerned for his own safety. As a result, Blakely told Stine to lie on the ground. Stine did not comply. After telling Stine to lie on the ground several times without success, Blakely approached Stine and grabbed his hand. Blakely told Stine that he was under arrest.

When Blakely grabbed Stine's hand, Stine pulled away. Blakely was unable to handcuff Stine because he kept pulling away. Blakely then took Stine to the ground, with Stine lying face-forward and Blakely on top of him. Stine continued to struggle and his arms flailed about, preventing the officer from taking hold of both of his arms. Stine then quickly spun around and onto his back, striking the officer in the face with either his elbow or his fist as he spun toward him.

Blakely testified that the interaction changed at that point. It "went from

passive resisting or resisting arrest to this is a fight." Stine punched Blakely in the face and chest, and Blakely struck Stine in the face more than once. Blakely testified both that Stine's arms were "just flailing around," and that Stine was "trying to strike me." He described that Stine's fists were clenched and his arms were moving in a striking motion.

Lynnwood Police Officer William Koonce soon arrived and took the place of a civilian who had stopped to help Blakely. Koonce noted that Stine was struggling and flailing around, trying to break free. He testified that "[i]t looked like [Stine] was trying to maybe strike at them to get them to let go."

Finally, the officers managed to handcuff Stine with his hands behind his back. After Stine was placed under arrest, Koonce advised him of his constitutional rights. Stine waived his rights. When Koonce asked him about the fight, Stine responded that he was "just wrestling turtle style."

As a result of the interaction with Stine, Blakely sustained a cut and scrape to his lower lip and cuts or scrapes to a number of his fingers.[1]

Viewed in the light most favorable to the State, sufficient evidence was presented for a rational trier of fact to find that Stine acted intentionally in assaulting Blakely, whom he knew to be a police officer. Blakely testified that Stine was not just flailing about without intention but, rather, was trying to strike him. Blakely described that Stine's fists were clenched and that he moved his arms in a striking motion as Stine punched Blakely in the face and chest.

---

[1] Photographs of the injuries, taken that night, were admitted into evidence and published to the jury.

Koonce's testimony corroborated Blakely's account of events. Koonce testified that it looked as if Stine was trying to strike at Blakely so that Blakely would let go of him. The jury was entitled to credit the officers' testimony. Moreover, Stine's statement that he was "just wrestling turtle style" also indicates that Stine was fighting Blakely intentionally.

The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Stine intentionally assaulted law enforcement officer Blakely. Stine's insufficiency of the evidence claim fails.

Affirmed.

We concur: