FILED
COURT OF APPEALS
DIVISION II

2015 JAN 13 AM 11: 18

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45599-4-II |
| Respondent, | |
| v. | |
| RIKKI DONNELL COOPER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — The trial court found Rikki Donnell Cooper guilty of three counts of first degree child molestation[1] following a bench trial. Each count relates to a separate incident between 2005 and 2009 where Cooper had unlawful sexual contact with E.S.[2] Cooper appeals count 3, arguing that the evidence of unlawful sexual contact with E.S. was insufficient to support the trial court's finding of fact that Cooper touched E.S's vagina over her clothes. Because sufficient evidence supports the trial court's finding and that finding supports the conviction, we affirm.

---

[1] RCW 9A.44.083.

[2] We refer to E.S. by her initials to protect her privacy.

## FACTS

Kim Lee is the mother of E.S., a child born in 1999. Although E.S.'s grandmother is E.S.'s legal guardian, E.S. would occasionally stay at Lee's home in Tacoma, Washington between 2005 and 2009. Cooper resided at Lee's home during that time.

When Lee was not at home, multiple incidents occurred where Cooper had sexual contact with E.S. On the occasion that forms the basis for count 3, Cooper kissed E.S. on the face and touched her "vaginal area" on the outside of her pajama pants. Report of Proceedings (RP) (Sept. 23, 2013) at 21.

At a bench trial, E.S. testified to all the incidents of sexual contact. E.S. testified that the incident at issue here occurred at Lee's house when E.S. was about to turn eight years old. She testified that she, her sister, and Cooper went upstairs at Lee's house to pick out a movie. Cooper told E.S.'s sister to go downstairs and then told E.S. to sit on his lap. Cooper began "rubbing" and "touching" E.S. RP (Sept. 23, 2013) at 20. Cooper tried to kiss E.S. on the face and attempted to stick his tongue in her mouth. E.S. then told Cooper not to touch her. E.S. testified that she and Cooper then went downstairs to watch the movie and Cooper got into E.S.'s bed with her. Cooper then "kept touching [E.S.'s] vaginal area" on the outside of her pajama pants. RP (Sept. 23, 2013) at 21.

During cross-examination, E.S. testified that this third incident did not occur downstairs in her bed but upstairs while she was picking out a movie. E.S. testified that during that incident Cooper kissed her on the face, tried to put his tongue in her mouth. She responded "yes" when asked if Cooper put his hand on the "front" of her pajama. RP (Sept. 23, 2013) at 67.

2

The trial court found Cooper guilty of three counts of first degree child molestation. Regarding the incident at issue, the trial court found that Cooper "attempted to stick his tongue in E.S.'s mouth" and "started rubbing E.S.'s vagina over clothes." Clerk's Papers (CP) at 70. The trial court also entered conclusions of law that the State proved beyond a reasonable doubt that "the defendant used his hand to touch E.S.'s vagina over clothes [sic]" and that Cooper is "guilty of count 3 [third incident], Child Molestation in the First Degree." CP at 74-75. Cooper appeals.

## ANALYSIS

Cooper challenges the sufficiency of the State's evidence supporting his conviction for count 3. Cooper argues that insufficient evidence supports the finding that Cooper rubbed E.S.'s vagina over her clothes, and as a result, the trial court erred by concluding that Cooper used his hand to touch E.S.'s vagina over her clothes. Specifically, Cooper argues that there was insufficient evidence to prove that Cooper "touched an intimate part of E.S. with respect to count 3" because, on cross-examination, E.S. did not describe where Cooper touched her. Br. of App. at 7.

### I. STANDARD OF REVIEW

When, as here, a trial court enters findings of facts and conclusions of law following a bench trial, we determine whether substantial evidence supports the findings, and if so, whether the findings support the conclusions of law. *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. 128 Wn. App. at 193. Unchallenged findings of fact are verities on

appeal. 128 Wn. App. at 193. We review conclusions of law de novo. *Stevenson*, 128 Wn. App. at 193.

A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." 119 Wn.2d at 201. Circumstantial evidence and direct evidence are deemed equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "We defer to the fact finder's resolution of conflicting testimony, witness credibility, and persuasiveness of the evidence." *State v. O'Neal*, 126 Wn. App. 395, 424, 109 P.3d 429 (2005).

To convict Cooper of first degree child molestation, the State had to prove that (1) Cooper had sexual contact with E.S., (2) E.S. was less than twelve years old, (3) Cooper was not married to E.S., (4) Cooper was at least thirty-six months older than E.S, and (5) the act occurred in Washington. RCW 9A.44.083. "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Cooper argues that insufficient evidence supports the trial court's finding of fact that Cooper rubbed E.S.'s vagina over her clothes, and as a result, the trial court erred by entering the conclusion of law that Cooper used his hand to touch E.S.'s vagina. We disagree. The trial court found the testimony of E.S. credible, and that testimony provided substantial evidence to support the finding of fact.

E.S. testified that Cooper began rubbing and touching her after he told her sister to go downstairs. E.S. testified that Cooper began rubbing her "vaginal area" outside of her pajama pants. RP (Sept. 23, 2013) at 21. E.S. also testified that Cooper put his hand on the front of her pajama pants. The trial court found this testimony credible, and as such, this testimony provides substantial evidence to support the trial court's finding that Cooper rubbed E.S.'s vagina over her clothes.

Cooper argues that E.S.'s testimony on direct examination was inconsistent with her testimony on cross-examination regarding where in Lee's house the third incident took place and whether Cooper touched E.S. Cooper argues that as a result, there was insufficient evidence to show that Cooper touched an intimate part of E.S. because she did not describe where Cooper touched her. But on cross-examination, E.S. agreed that Cooper touched her on the "outside" of her pajama pants "[i]n the front." RP (Sept. 23, 2013) at 67. Regardless of E.S.'s inconsistent testimony about what part of the house the conduct occurred, E.S.'s testimony on direct that Cooper rubbed her "vaginal area" outside her pajamas is consistent with her answers on cross-examination that Cooper touched the outside of her pajamas "[i]n the front." RP (Sept. 23, 2013) at 21, 67. Accordingly, this testimony provides substantial evidence to support the trial court's finding that Cooper rubbed E.S.'s vagina over her clothes.

The trial court's finding that Cooper rubbed E.S.'s vagina over her clothes, supported by substantial evidence, supports the conclusion that the State proved beyond a reasonable doubt that Cooper used his hand to touch E.S.'s vagina over her clothes. Substantial evidence supports the trial court's finding that Cooper rubbed E.S.'s vagina over her clothes, and that finding

5

No. 45599-4-II

supports the conclusion that Cooper is guilty of first degree child molestation regarding the third incident. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Maxa, J.

_____
Lee, J.

6