IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32733-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN FIGUEROA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, A.C.J. — Under Washington statute RCW 66.44.270(2)(b), it is unlawful for a minor to be in a public place while exhibiting the effects of having consumed liquor. One of the elements of the offense is that the suspect must have the odor of alcohol on his or her breath. RCW 66.44.270(2)(b). A Yakima County Superior Court judge found Martin Figueroa guilty of being a minor exhibiting the effects of consuming liquor in public. On appeal, Mr. Figueroa contends the evidence is insufficient to support the court's finding that his breath smelled of alcohol. We find the circumstantial evidence sufficient to support this element beyond a reasonable doubt, and affirm.

## FACTS

Late on Halloween night in 2013, the Sunnyside police department received a noise complaint from a homeowner on a dead end street in a residential neighborhood. Officer Melissa Rivas responded. As she entered the street, her headlights illuminated several young people in and around a parked car. Officer Rivas saw movement in and around the car, including the throwing of a blue liquor bottle from the rear passenger area of the car. She activated her emergency lights and a spotlight and approached on foot.

Officer Rivas asked the four boys and two girls in the car to get out and sit on the ground while she waited for backup. As they stepped out of the car, she detected the odor of alcohol. All of the car's occupants were younger than 21 years of age. Officer Rivas asked each separately whether he or she had been drinking alcohol, and each indicated he or she had. She smelled alcohol on each of them. Some of them appeared intoxicated—especially Mr. Figueroa, who had slurred speech and watery, bloodshot eyes. Mr. Figueroa also became argumentative during the questioning. After backup arrived, the young people were taken to the police facility, their parents were called, and they were released to their parents.

The State charged the four boys, including Mr. Figueroa, with being minors in a public place while exhibiting the effects of consuming liquor.[1] They were tried together.

---

[1] The record does not indicate whether the girls were also charged.

Officer Rivas testified that each of the respondents smelled of alcohol. After the State rested its case, the four respondents moved to dismiss for failure to prove the specific element of the odor of alcohol on their breaths. The trial judge granted the motion as it related to two respondents who had not exhibited other signs of intoxication, but denied the motion as it related to Mr. Figueroa and another respondent. Eventually, the trial court acquitted the third respondent and found only Mr. Figueroa guilty of the charge. In its findings of fact and conclusions of law, the trial court stated that

> [t]he respondent was verbally combative and argumentative with the officers. He appeared to Officer Rivas to be under the influence of alcohol. She could also smell the odor of alcohol on the respondent, and the court finds that this odor was coming from his breath.

Clerk's Papers at 31.

## ANALYSIS

Mr. Figueroa contends the State failed to prove each element of the offense beyond a reasonable doubt because there was no specific evidence that he had the odor of alcohol on his breath.

Evidence is sufficient to support a conviction if, after viewing the evidence in the light most favorable to the State, we conclude that any rational fact finder could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). Specific to review of bench trials, we determine whether substantial evidence supports each of the trial court's challenged findings of fact and

3

whether the findings support the conclusions of law. *Id.* at 105-06. Substantial evidence is that quantum of evidence "sufficient to persuade a fair-minded person of the truth of the asserted premise." *Id.* at 106. Circumstantial evidence is as reliable as direct evidence. *State v. Arquette*, 178 Wn. App. 273, 282, 314 P.3d 426 (2013) (citing *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980)). In claiming insufficient evidence, the appellant necessarily admits the truth of the State's evidence and all reasonable inferences arising from that evidence. *Homan*, 181 Wn.2d at 106. We defer to the trier of fact's evaluation of the persuasiveness of the evidence, and treat unchallenged findings as verities. *Id.*

To prove that Mr. Figueroa violated RCW 66.44.270(2)(b), the State was required to present evidence that he was under 21 years of age, in a public place or in a motor vehicle in a public place, and that he exhibited the effects of having consumed liquor. For the purposes of this subsection, "exhibiting the effects of having consumed liquor" means that the minor has the odor of liquor on his or her breath and either is close to a container that has had liquor in it or exhibits behavior showing the influence of liquor. RCW 66.44.270(2)(b). Mr. Figueroa challenges solely the court's finding that he had the odor of liquor on his breath.

Officer Rivas never testified that she smelled the odor of alcohol specifically on Mr. Figueroa's breath. She did, however, state that she questioned each juvenile separately, each indicated that he or she had been drinking alcohol, and each smelled of

4

alcohol. She also testified that Mr. Figueroa acted as though he was under the influence of liquor. Mr. Figueroa contends Officer Rivas's testimony could indicate that the odor of alcohol was on his clothing, hair, or skin, caused by spilled liquor. But the additional evidence that he admitted he had been drinking and exhibited the effects of drinking alcohol substantially supports the trial court's finding that the odor at least in some discernable degree came from his breath.

The unchallenged findings establish that Mr. Figueroa was a minor in a public place and appeared to be under the influence of liquor. We conclude that substantial evidence supports the trial court's reasonable inference that Mr. Figueroa's breath smelled of alcohol. Thus, the State met its burden of proof on every element of the charge of being a minor in a public place while exhibiting the effects of consuming liquor. RCW 66.44.270(2)(b).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.04.060.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

5