IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32871-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONDALE H. PLEASANT, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |

BROWN, J. — Rondale H. Pleasant appeals his first degree robbery conviction.

He contends insufficient evidence exists to support his conviction. We affirm.

FACTS

Two Safeway loss-prevention officers (LPOs), Jeremy Smith and Tyler Smith,

saw Mr. Pleasant place a bottle of alcohol in his coat and another bottle in his pants'

pocket. Both LPOs watched Mr. Pleasant as he walked through the store. LPO Jeremy

Smith believed that based on the concealment of the liquor bottles, Mr. Pleasant

intended to steal those items from the store. Before Mr. Pleasant exited one LPO saw

Mr. Pleasant return to the liquor aisle and place one bottle of alcohol back on the shelf.

LPO Tyler Smith exited the store before Mr. Pleasant. Video surveillance camera shows Mr. Pleasant exiting the store with a large bulge in his pants' pocket. LPO Jeremy Smith was directly behind Mr. Pleasant when he exited the store. LPO Tyler Smith then confronted Mr. Pleasant and asked him to return to the store with him. At this point, Mr. Pleasant turned around and displayed a can of mace spray in his hand. LPO Jeremy Smith backed off. Mr. Pleasant opened up his coat and displayed a large knife with the blade up. Mr. Pleasant then fled the scene. Police officers later located Mr. Pleasant and the State charged him with first degree robbery.

During a bench trial, Mr. Pleasant admitted he intended to steal the alcohol, but he became aware of the store security, so he put the items back on the shelf and did not leave the store with any of Safeway's merchandise. The judge did not believe Mr. Pleasant and found him guilty of first degree robbery. Mr. Pleasant appeals but does not object to the court's findings of fact or conclusions of law, summarized above.

## ANALYSIS

The issue is whether sufficient evidence supports Mr. Pleasant's conviction. He contends the State failed to prove he exited the store with alcohol.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* Circumstantial evidence

and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

A person is guilty of first degree robbery if, "In the commission of a robbery or of immediate flight therefrom, he or she . . . [i]s armed with a deadly weapon; or [d]isplays what appears to be a firearm or other deadly weapon." RCW 9A.56.200(1)(a)(i)(ii). A robbery occurs when a person "unlawfully takes personal property from the person of another or in his or her presence against his or her will." RCW 9A.56.190.

Here, drawing all reasonable inferences in favor of the State, loss-prevention officers observed Mr. Pleasant take two bottles of alcohol; one he hid in his coat and one he hid in his pants. Officers later observed him put just one bottle back. Video surveillance shows Mr. Pleasant exiting the store with a large bulge in his pants' pocket. Circumstantial evidence and direct evidence are equally reliable. *Delmarter*, 94 Wn.2d at 638. While Mr. Pleasant denies taking any alcohol from the store, credibility determinations are for the trier of fact. *Camarillo*, 115 Wn.2d at 71. Accordingly, the State met its burden to prove Mr. Pleasant unlawfully took personal property. Sufficient evidence supports his first degree robbery conviction.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

3

No. 32871-6-III
*State v. Pleasant*

Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.

4