# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48387-4-II |
| Appellant, | |
| v. | |
| EDWARD LAWRENCE BABINE, JR., | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Edward Lawrence Babine, Jr. appeals his conviction for unlawful possession of a controlled substance. He argues that there was insufficient evidence to support his conviction because the State failed to prove that the offense occurred in the State of Washington. We disagree and affirm.

FACTS

Officers arrested Babine following two controlled buys. During a search incident to arrest, officers located methamphetamine in Babine's pocket. The State charged Babine in a first amended information with two counts of delivery of methamphetamine within a school, bus stop, or other protected zone; and one count of unlawful possession of methamphetamine. The charging document alleged that all offenses occurred within the State of Washington.

The matter proceeded to a jury trial. During trial, Detective Stephen Forbragd testified that he worked for the Bremerton Police Department and that a controlled buy was set up after Babine was identified as a possible drug dealer in the city. The prosecutor asked if the informant used in

the controlled buy was wearing a wire. Detective Forbragd answered, "No," because "Washington State is a two-party state for consent for wires." Report of Proceedings (RP) (Oct. 28, 2015) at 66.

Detective Billy Renfro from the Bremerton Police Department testified that he assisted Detective Forbragd with one of the controlled buys. The controlled buy was "at 8 — I believe [i]t's 827 - 6th Street, Apartment No. 2." RP (Oct. 29, 2015) at 165. The prosecutor asked, "That is in Bremerton?" Detective Renfro replied, "Yes." RP (Oct. 29, 2015) at 165. The prosecutor then asked, "In the State of Washington?" The Detective Renfro replied, "Yes." RP (Oct. 29, 2015) at 165.

A second control buy later occurred at the same address. Babine admitted living at the Bremerton apartment, but he later moved to a motorhome located on a friend's property in Bremerton.

Paul Andrews, a Kitsap County analyst, was called by the State to testify that the controlled buys occurred in a protected area. Andrews testified about a map he had created of the area around the apartment. The map showed the apartment was located in Bremerton.

Detective Forbragd testified that approximately two months after the second controlled buy, Babine "was spotted by another officer," who then tipped Detective Forbragd off as to Babine's location. RP (Oct. 28, 2015) at 80. Detective Forbragd and two other patrol officers contacted Babine at the location where he was spotted, and Detective Forgragd arrested Babine. In a search incident to arrest, methamphetamine was found in Babine's pocket. Babine admitted at trial that he possessed methamphetamine when he was arrested by Detective Forbragd.

Without objection, the trial court instructed the jury that to convict Babine of possession of methamphetamine, it must find, beyond a reasonable doubt, that the "act occurred in the State

2

of Washington." Clerk's Papers (CP) at 62. The jury found Babine not guilty of the two delivery charges but guilty of the possession charge. Babine appeals the possession of methamphetamine conviction.

## ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

Babine challenges the sufficiency of the evidence to support his possession of methamphetamine conviction. He argues the State failed to prove the offense occurred in the State of Washington. We disagree.

A claim of insufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences from that evidence. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In determining the sufficiency of the evidence, circumstantial evidence and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

Under RCW 69.50.4013(1), possession of a controlled substance is unlawful. The State must prove all elements of a charged crime beyond a reasonable doubt. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). One element is the jurisdictional requirement that the crime occurred in the state of Washington. RCW 9A.04.030(1). The trial court instructed the jury that to convict Babine of possession of methamphetamine, it must find, beyond a reasonable doubt, that the "act occurred in the State of Washington." CP at 62.

3

Here, Detective Forbragd and Detective Renfro testified they were detectives with the Bremerton, Washington police department. They were investigating Babine for drug dealing activities in Bremerton. Two controlled buys were set up. A Kitsap County employee testified the controlled buys occurred in the Bremerton area and submitted a local map. The controlled buys occurred at an apartment that Babine admitted living in. Babine continued to reside in Bremerton after moving out of the apartment. Detective Forbragd, who works for the Bremerton Police Department, along with two patrol officers contacted Babine after another officer tipped him off to Babine's location. Detective Forbragd arrested Babine, and Babine admitted Detective Forbragd was the arresting officer.

Based on the above circumstantial evidence, which we view in a light most favorable to the State, a rational trier of fact could find beyond a reasonable doubt that Babine's possession occurred in Washington. We hold sufficient evidence existed to support Babine's conviction for unlawful possession of a controlled substance.

B.    APPELLATE COSTS

Babine requests that we exercise our discretion and decline to impose appellate costs, asserting that he does not have the ability to pay. The State did not respond to Babine's request.

In light of Babine's indigent status, and our presumption under RAP 15.2(f) that he remains indigent "throughout the review" unless the trial court finds that his financial condition has improved, we exercise our discretion and waive the imposition of appellate costs in this matter. RCW 10.73.160(1).

No. 48387-4-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Sutton, J.