**FILED**
**OCTOBER 31, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36391-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALEJANDRO JOSE SAAVEDRA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Alejandro Saavedra challenges the sufficiency of the evidence supporting his conviction for second degree malicious mischief involving damage to his dormitory room at Central Washington University (CWU). We affirm.

FACTS

Mr. Saavedra was the sole occupant of a single room in "North Hall" on the CWU campus. He moved into room 131 on March 6, 2018. Shortly before a scheduled fire drill at 8:00 p.m., a university residence hall employee, Luke Poole, saw Saavedra poking a damaged ceiling tile with a pool stick. The two men got into an argument over the incident.

When the alarm sounded a short time later, Saavedra refused to vacate the premises. Poole contacted CWU law enforcement in order to get Saavedra's cooperation

with the drill. When officers left the building, Saavedra also exited and allegedly spat on Poole. The officers arrested Saavedra for assault.

While officers were taking a statement from Poole, a resident assistant approached to report a broken window in room 131. Law enforcement and maintenance staff observed the window damage and believed someone had punched it from the inside since the exterior screen on the window remained intact and all broken glass was inside the screen. The exterior room door did not show signs of a break-in and the maintenance staff member had to use his pass key to enter the secured room. The room had suffered extensive damage, including a damaged chair, a broken closet door, and a shower seat ripped out of the wall that pulled out bathroom tile. Saavedra later testified that he had only one key to the room and habitually locked the door. He argued the incident was a break-in and the window was intact when he left for the day. Saavedra also believed a computer and television were missing from his room and possibly stolen, although he never reported the theft to police.

Charges of second degree malicious mischief and fourth degree assault were filed. A jury acquitted Mr. Saavedra on the assault count, but convicted him of malicious mischief. He timely appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

The sole issue presented in this appeal is a contention that the evidence was insufficient to identify him as the person who damaged the dorm room. The circumstantial evidence permitted the jury to return the verdict that it did.

Longstanding standards govern review of this argument. Evidence is sufficient to support a verdict if the jury has a factual basis for finding each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980). The evidence is viewed in the light most favorable to the prosecution. *Green*, 94 Wn.2d at 221. Appellate courts defer to the trier-of-fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). Circumstantial evidence is as reliable as direct evidence. *Rogers Potato Serv., LLC v. Countrywide Potato, LLC*, 152 Wn.2d 387, 391, 97 P.3d 745 (2004); *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

The issue before us is quite narrow. Mr. Saavedra agrees that the evidence supports the determination that damage in excess of $750 was knowingly and maliciously inflicted on the dorm room in violation of RCW 9A.48.080. The only question presented is whether the evidence permitted the jury to determine that *he* was the one who damaged the room. We believe it did.

The room was locked when the damage was discovered. The culprit had apparently entered through the door as the window had not been forced open. All damage was inflicted from inside the room. Mr. Saavedra had the only key, had not duplicated it to share with anyone, and claimed to have locked the room before he left. A jury could easily conclude that the only person with a key was the person who committed the crime. Mr. Saavedra's behavior immediately before the damage was discovered—a confrontation with a CWU employee, refusal to take part in the fire drill, and poking at a damaged ceiling tile with a pool cue—all suggested that he was angry and provided a possible motive for the crime.

The crime was an "inside job" and Mr. Saavedra was the insider. On the basis of this evidence, the jury could find beyond a reasonable doubt that he was the perpetrator. Thus, the evidence was sufficient to support the verdict.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Siddoway, J.

4