FILED
COURT OF APPEALS
DIVISION II

2015 MAR -3 AM 8: 35

STATE OF WASHINGTON
BY_____

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45199-9-II |
| Respondent, | |
| v. | |
| MICHAEL W. LOWE, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — A jury found Michael W. Lowe guilty of felony harassment, harassment, and bail jumping. Lowe appeals, arguing that (1) the State presented insufficient evidence to support the conviction, (2) the prosecutor committed misconduct, and (3) he received ineffective assistance of counsel. Because the State presented sufficient evidence, the prosecutor did not commit misconduct, and he did not receive ineffective assistance of counsel, his arguments fail. We affirm.

FACTS

Shelton Police officers Greg Blaylock and Matthew Dickinson responded to a report of a disturbance in progress. Dispatch notified Blaylock and Dickinson that an involved party, Michael Lowe, left the scene of the disturbance on foot. Blaylock and Dickinson found Lowe intoxicated nearby.

Blaylock arrested Lowe for his involvement in the disturbance. Blaylock placed Lowe in his patrol car. Because of Lowe's intoxication, Blaylock was transporting Lowe to the hospital. While in the patrol car, Lowe continuously thrashed and hit his head against the interior of the

patrol car, screamed racial and homophobic obscenities at Blaylock, and threatened to kill Blaylock.

Dickinson met Blaylock and Lowe at the hospital. When Blaylock took Lowe out of the patrol car at the hospital, Lowe took a fighting stance, rocked his head back, and aggressively walked towards Dickinson. Out of fear that Lowe would head-butt Dickinson, Blaylock and Dickinson restrained Lowe on the ground until a wheelchair arrived.

After being medically cleared for booking, Blaylock transported Lowe to the jail. While being transported to the jail, Lowe continued to thrash around the patrol car, scream obscenities at Blaylock, and threaten to kill Blaylock.

In the second amended information, the State charged Lowe with felony harassment, harassment, and bail jumping. The State presented two witnesses regarding the felony harassment charge: Officers Blaylock and Dickinson. Blaylock and Dickinson testified that Lowe was aggressive, took a fighting stance, and threatened to kill Blaylock. Blaylock testified that when he and Dickinson approached Lowe, Lowe was belligerent and intoxicated, and that he knew Lowe to be hostile towards law enforcement from previous interactions. Blaylock also testified that Lowe repeatedly yelled racial and homophobic slurs while threatening to kill him. Blaylock further testified that he took Lowe's threats to kill him seriously.

During the State's closing arguments, the prosecutor commented that the State's evidence was uncontradicted. Lowe did not object during closing arguments. Following deliberations, the jury returned guilty verdicts for all three counts. Lowe appeals.

ANALYSIS

Lowe challenges only the conviction for felony harassment.[1] Lowe alleges that (1) the State presented insufficient evidence that Officer Blaylock reasonably feared that Lowe would carry out his threat to kill Blaylock, (2) the prosecutor committed misconduct by commenting on Lowe's right not to testify, and (3) he received ineffective assistance of counsel because his counsel did not object during the State's closing arguments. We disagree and hold that the State presented sufficient evidence to support the conviction and that the prosecutor did not commit misconduct. Furthermore, because the prosecutor did not commit misconduct, Lowe's argument that he received ineffective assistance of counsel fails. We affirm Lowe's conviction.

A.    SUFFICIENCY OF THE EVIDENCE—FELONY HARASSMENT

Lowe alleges that the State presented insufficient evidence to support his conviction. Specifically, Lowe argues that the State presented insufficient evidence that Officer Blaylock reasonably feared that Lowe would carry out the threat to kill him. Lowe's argument fails.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201. "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Salinas*, 119 Wn.2d at 201. Circumstantial evidence and direct evidence are deemed equally

---

[1] Lowe does not challenge the convictions for misdemeanor harassment and bail jumping.

reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

Under RCW 9A.46.020, to convict Lowe of felony harassment, the State must prove beyond a reasonable doubt that Lowe knowingly threatened to kill Blaylock immediately or in the future, and that in the circumstances, Lowe's words or conduct placed Blaylock in "reasonable fear that the threat will be carried out." RCW 9A.46.020(1)(a), (b).

Here, viewed in a light most favorable to the State, the evidence is sufficient to establish that Blaylock was in reasonable fear that Lowe would carry out his threats to kill Blaylock. Blaylock testified that he took Lowe's threats to kill him seriously. Blaylock also testified that he knew Lowe to be hostile towards law enforcement, Lowe was hostile and aggressive towards him, Lowe was physically aggressive in the patrol car, and Lowe took a fighting stance with another officer.

To the extent Lowe argues that Blaylock could not have taken his threat to kill Blaylock seriously because Lowe was in handcuffs, this argument fails. A jury can find that the fear that the threat would be carried out in the future is reasonable where a mere temporary condition prevents the threat from being carried out immediately. *See State v. Cross*, 156 Wn. App. 568, 584, 234 P.3d 288 (2010). In *Cross*, the defendant, who was in handcuffs, threatened to assault the police officer "if he wasn't in handcuffs." 156 Wn. App. at 583. Relying on the fact that the defendant would not remain handcuffed indefinitely, we held that the officer's fear that the defendant would carry out the threat was reasonable because the condition preventing the defendant from carrying it out—handcuffs—was temporary. *Cross*, 156 Wn. App. at 583. We

hold that the State presented sufficient evidence to establish that Blaylock reasonably feared that Lowe would carry out his threats to kill Blaylock. Accordingly, Lowe's claim fails.

B.    PROSECUTORIAL MISCONDUCT

Lowe argues that the prosecutor committed misconduct by directly commenting on Lowe's decision not to testify during the State's closing argument. Lowe's argument fails.

To prevail on a claim of prosecutorial misconduct, Lowe must show that the prosecutor's conduct was both improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012) (citing *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011)). Once a defendant has demonstrated that the prosecutor's conduct was improper, we evaluate the defendant's claim of prejudice under two different standards of review, depending on whether the defendant objected to the misconduct at trial. *Emery*, 174 Wn. App. at 760. If the defendant objected, he must "show that the prosecutor's misconduct resulted in prejudice that had a substantial likelihood of affecting the jury's verdict." *Emery*, 174 Wn.2d at 760-61 (citing *State v. Anderson*, 153 Wn. App. 417, 427, 220 P.3d 1273 (2009), *review denied*, 170 Wn.2d 1002 (2010)).

"If the defendant did not object at trial, the defendant is deemed to have waived any error, unless the prosecutor's misconduct" was flagrant and ill intentioned. *Emery*, 174 Wn.2d at 760-61 (citing *State v. Stenson*, 132 Wn.2d 668, 726-27, 940 P.2d 1239 (1997), *cert. denied*, 523 U. S. 1008 (1998)). The defendant is presumed to have waived any error by not objecting because objections are required to prevent additional improper remarks and abuse of the appellate process. *Emery*, 174 Wn.2d at 762. Therefore, when there is no objection, we apply a heightened standard requiring the defendant to show that "(1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial

likelihood of affecting the jury verdict.'" *Emery*, 174 Wn.2d at 761 (quoting *Thorgerson*, 172 Wn.2d at 455). When reviewing a prosecutor's misconduct that was not objected to, we "focus less on whether the prosecutor's misconduct was flagrant or ill intentioned and more on whether the resulting prejudice could have been cured." *Emery*, 174 Wn.2d at 762.

"In closing argument, a prosecutor is afforded wide latitude to draw and express reasonable inferences from the evidence." *State v. Reed*, 168 Wn. App. 553, 577, 278 P.3d 203, *review denied*, 176 Wn.2d 1009 (2012). When analyzing prejudice, we do not look at the comment in isolation, but in the context of the total argument, the issues in the case, the evidence, and the instructions given to the jury. *State v. Yates*, 161 Wn.2d 714, 774, 168 P.3d 359 (2007), *cert. denied*, 554 U.S. 922 (2008). "Comments by a prosecutor that certain testimony is undenied are not improper as long as there is no reference to who may be in a position to deny it." *State v. Brett*, 126 Wn.2d 136, 176, 892 P.2d 29 (1995); *see State v. Sells*, 166 Wn. App. 918, 930, 271 P.3d 952 (2012).

Lowe argues that during the State's closing argument, the prosecutor "directly referred to or implied that Lowe was the only person who could rebut the State's case" and that the comments were the type that "a jury would accept as a comment on Lowe's failure to testify." Br. of Appellant at 12. During the State's closing argument, the prosecutor made the following remarks:

> Well, let's look at the reasonableness of the State's witnesses. Their testimony in this case is uncontradicted. . . .
>
> . . . .
>
> So, with regard to the first count, the threat to kill, the State's proven beyond a reasonable doubt that on December 21st, 2012, that Michael Lowe threatened to kill Officer Blaylock. Officer Blaylock's testimony, which was uncontradicted, indicated that he was put in fear that that threat would be carried out. If not immediately, because Mr. Lowe was handcuffed in the back of the cruiser, but in the future at some other time. In fact, after he had been handcuffed and transported

No. 45199-9-II

to the hospital, Mr. Lowe was—again, uncontradicted—took on a fighting stance and tried to assault Officer Dickinson.

Report of Proceedings (RP) at 93, 96-97. Lowe did not object at trial.

The prosecutor's comments were not improper because the prosecutor did not reference or suggest who would be able to contradict the evidence. Further, although Lowe argues that the prosecutor "directly referred to or implied that Lowe was the only person who could rebut the State's case," there is no indication that Lowe is the only person who could rebut the evidence.[2] Br. of Appellant at 12. Because we hold there was no misconduct, Lowe's claim fails.

C.    INEFFECTIVE ASSISTANCE OF COUNSEL

Lowe alleges that he received ineffective assistance of counsel because defense counsel failed to object to the prosecutor's closing arguments. We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). A defendant claiming ineffective assistance of counsel has the burden to establish that (1) counsel's performance was deficient and (2) the performance prejudiced the defendant's case. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700.

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Stenson*, 132 Wn.2d at 705. Our scrutiny of counsel's performance is highly deferential; we strongly presume reasonableness. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To

---

[2] We note that the trial court instructed the jury as follows: "The defendant is not required to testify. You may not use the fact that the defendant has not testified to infer guilt or to prejudice him in any way." RP at 86. We presume that the jury follows the court's instructions. *Anderson*, 153 Wn. App. at 428.

7

rebut this presumption, a defendant bears the burden of establishing the absence of any legitimate trial tactic explaining counsel's performance. *Grier*, 171 Wn.2d at 33.

Lowe has not demonstrated that defense counsel's performance was deficient. Defense counsel was not deficient by not objecting during the State's closing arguments because the prosecutor's comments during closing arguments were not improper. *Sells*, 166 Wn. App. at 930. Because Lowe has not shown that defense counsel's performance was deficient, he has not met his burden to show that he received ineffective assistance of counsel. Lowe was not denied effective assistance of counsel when his trial counsel did not object during the State's closing arguments. Accordingly, his claim of ineffective assistance of counsel fails.

We affirm Lowe's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, P.J.

_____
Melnick, J.