

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 72746-0-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| ISMAEL BUCIO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 14, 2016 |

SPEARMAN, C.J. — Ismael Bucio was convicted of two counts of residential burglary and one count of assault in the third degree. He appeals, arguing that the evidence was insufficient to support one of the counts of residential burglary, and that the trial court imposed an improper community custody condition. We affirm Bucio's conviction but remand to the trial court to strike the community custody condition.

## FACTS

On June 19, 2014, at approximately 3:13 p.m., Skagit Valley College student Hwansik Kim called the Mount Vernon Police Department to report the theft of his wallet and his cell phone. Kim had left his wallet and phone on the table in the common area of his dormitory at 2410 Sigmar Lane in Mount Vernon, Washington. He left the room for about 15 minutes; when he returned he

discovered that his phone was gone. Kim asked his roommate to call his phone in an effort to locate it and was unable to find it. He checked his wallet and found that $150 cash was also missing. He immediately called 911 and used his roommate's laptop to connect to Apple's online tracking system for iPhones.

Using the tracking system, Kim was able to find his phone and see its location on an aerial map of the surrounding area. Kim saw the phone moving along a trail right behind the dorm and heading toward a parking lot. The phone began to move at a quicker pace and stopped moving around the time the police arrived. The tracking system showed his phone emitting a strong signal with a short range, "[v]ery close" to Kim's dormitory, less than a mile away. Verbatim Report of Proceedings (VRP) (11/17/14) at 59.

Police officers arrived at the dormitory and attempted to track Kim's phone by using their cellular phones, but the phone stopped transmitting a signal. This can occur if a phone is turned off or the SIM card is removed. Based on the last tracking information the police received, Kim's phone was located at 2220 Horizons Street.[1] The officers arrived at the Horizons Street location at approximately 3:29 p.m., 2-3 minutes after leaving the dormitory. Officer Tom Wenzl spoke to Brenton Hill, a resident of the house. Hill first told the officers that he was the only person in the house, but later told the officers that Bucio had

---

[1] In his testimony, Officer Wenzl stated that the tracking system indicated that the phone was located at 2021 Horizons Street, but the officers actually tracked the phone to and found Bucio at 2220 Horizons Street.

2

arrived about 15 minutes ago and asked to use the restroom. Bucio was found in one of the bedrooms hiding behind a door. In his pocket were Kim's phone and some cash.

Bucio was also charged with add two additional counts of residential burglary and assault in the third degree for two other unrelated incidents. The trial court dismissed one count of residential burglary, finding insufficient evidence that Bucio had entered a building and stolen a laptop computer on July 7, 2014.

On November 19, 2014, the jury found Bucio guilty of the remaining two counts of residential burglary and assault in the third degree. Bucio was sentenced to 38 months of confinement and 12 months of community custody. As a condition of community custody, the sentencing court ordered that Bucio not consume any controlled substances except pursuant to a lawful prescription. RCW 9.94A.703(2)(c). In addition, the court imposed a handwritten condition that provided for "[n]o use of controlled substances." Clerk's Papers (CP) at 54. Bucio appeals only his conviction for one count of residential burglary related to the incident occurring on June 19, 2014, and the above-referenced condition of his sentence.

## DISCUSSION

Bucio argues that he was deprived of due process because there was insufficient evidence for one count of burglary. According to Bucio, the State

3

failed to prove the necessary element that he "enter[ed] or remain[ed] unlawfully in a dwelling," because there was no evidence that he set foot in Kim's residence on June 19, 2014, only that he was only found in possession of Kim's phone. Brief of Appellant at 3; RCW 9A.52.025(1).

The due process clauses of the federal and state constitutions require that the State prove every element of a crime beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L Ed. 2d 435 (2000); U.S. CONST. AMEND. XIV; WASH. CONST. ART. I, § 3. "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be ... to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (quoting Johnson v. Louisiana, 406 U.S. 356, 362, 92 S. Ct. 1620, 32 L. Ed. 2d 152 (1972)).

A claim of evidentiary insufficiency admits the truth of the State's evidence and all reasonable inferences from that evidence. State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Circumstantial evidence and direct evidence can be equally reliable. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the jury on questions of conflicting testimony, credibility of witnesses,

4

and the persuasiveness of the evidence. State v. Killingsworth, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012). In determining whether the necessary quantum of proof exists, the reviewing court need not be convinced of the defendant's guilt beyond a reasonable doubt, but only that substantial evidence supports the State's case. State v. Fiser, 99 Wn. App. 714, 718, 995 P.2d 107 (2000). Substantial evidence is that which "would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed." State v. Hutton, 7 Wn. App. 726, 728, 502 P.2d 1037 (1972) (quoting State v. Zamora, 6 Wn. App. 130, 491 P.2d 1342 (1971)).

Under RCW 9A.52.025(1)(a), a person is guilty of residential burglary if, he or she enters or remains unlawfully in a dwelling other than a vehicle, with intent to commit a crime against a person or property therein. Proof of possession of recently stolen property is not prima facie evidence of burglary, unless accompanied by other evidence of guilt. State v. Mace, 97 Wn.2d 840, 843, 650 P.2d 217 (1982). When a person is found in possession of such property, however, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction. Id. A case is made for the jury if the fact of possession is supplemented by the giving of a false or improbable explanation, or failure to explain when a larceny is charged, or possession of false bill of sale, or giving of a fictitious name. State v. Portee, 25 Wn.2d 246, 253-54, 170 P.2d 326 (1946).

5

Bucio argues that the State only proved that he was in possession of the phone "sometime after Mr. Kim noticed it missing." Br. of Appellant at 4. According to him, this evidence does not establish that he entered the dormitory but only shows that "he came into possession of the phone at some point near the apartment." Id. We disagree.

Immediately after Kim discovered his phone was missing, he began to track it. He watched the phone move along a trail that ran directly behind the building, and followed its path to a parking lot, where it began to move more quickly. The phone was tracked to a home less than a mile from the dormitory, where Bucio had arrived about 15 minutes earlier. He was found hiding in close proximity to the scene of the crime, exactly where the phone tracking system had indicated, and he was in possession of Kim's phone, its SIM card and some cash. This evidence exceeds by far the slight corroborative evidence necessary to support the burglary conviction.

Bucio next argues that the sentencing court erred when it imposed the community custody condition requiring "[n]o use of controlled substances" because it is not authorized by statute. Br. of Appellant at 6. The State agrees that the additional handwritten condition should be stricken in light of the uncontested condition that Bucio not consume controlled substances except pursuant to a lawful prescription. We therefore remand to the sentencing court with instructions to strike the extraneous condition.

6

Affirm and remanded.

Spearman, C.J.

WE CONCUR: