# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47418-2-II |
| Respondent, | |
| v. | |
| DIKITA ADE TYRELL, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Dikita Tyrell appeals his conviction for resisting arrest. He argues

that the State failed to present sufficient evidence to support his conviction. We affirm.

## FACTS

Washington State Patrol Trooper Justin Eisfeldt stopped Tyrell for speeding in Thurston

County. When Trooper Eisfeldt approached Tyrell's vehicle, he smelled a "strong odor of

intoxicants coming from within the vehicle." 1 Verbatim Report of Proceedings (VRP) at 111.

Trooper Eisfeldt suspected that Tyrell was intoxicated in part because Tyrell was unresponsive to

the trooper's requests. Tyrell stated that he wanted to use his phone to contact an attorney.

Trooper Eisfeldt informed Tyrell that he did not have the right to contact an attorney at that time

because he was not under arrest.

Trooper Eisfeldt radioed for a second trooper to assist him at the scene. Then, for

roughly 25 seconds, Trooper Eisfeldt instructed Tyrell to exit the car, repeating the request

roughly 3 times. Tyrell did not comply. Trooper Eisfeldt asked the second trooper to respond

more quickly to the call. Roughly 5 seconds later, Tyrell agreed to exit the vehicle, using a racial epithet toward the trooper. Tyrell began to open the vehicle's door to exit. But Trooper Eisfeldt closed the door and told Tyrell not to exit the vehicle. Trooper Eisfeldt refused to let Tyrell exit the vehicle because he was concerned for his safety until the second trooper arrived.

Trooper Eisfeldt held Tyrell's door closed and waited for the second trooper to arrive. When the second trooper arrived, Trooper Eisfeldt again told Tyrell to exit the vehicle, and Tyrell refused. During the next minute, Trooper Eisfeldt told Tyrell 5 times to exit the vehicle. Tyrell did not comply; instead, he locked the door.

Trooper Eisfeldt then decided to remove Tyrell from the vehicle. He reached into the vehicle, unlocked the door, and removed Tyrell's seatbelt as Tyrell slapped his hand away. The two men struggled. About 15 seconds later, Trooper Eisfeldt forcibly removed Tyrell from the vehicle by placing his arm in a "goose neck" pain compliance maneuver. 1 VRP at 123. For five seconds, Trooper Eisfeldt kept Tyrell in the goose neck while instructing him to "get on the ground." 1 VRP at 128. Despite Trooper Eisfeldt's instructions to get on the ground, however, Tyrell kept his feet under him and was pulling away. Tyrell "r[an] through the movement," so that instead of falling to the ground in the goose neck, Tyrell and Trooper Eisfeldt swung around in a half-moon shape. The two men spun around until Tyrell's face and upper body came into contact with the trunk, splitting his lip.

Trooper Eisfeldt pressed Tyrell against the trunk and tried to handcuff him, but Tyrell pulled his hands apart and attempted to put them under his body so that they could not be cuffed. While handcuffing Tyrell, Trooper Eisfeldt informed him that he was under arrest for driving under the influence and obstruction. The State charged Tyrell with resisting arrest in violation of

2

RCW 9A.76.040.[1] At trial, multiple witnesses, including Trooper Eisfeldt, testified to the above facts. The trial court admitted a video from Trooper Eisfeldt's dashboard camera, which showed the traffic stop and subsequent arrest. The jury found Tyrell guilty of resisting arrest. Tyrell appeals.

ANALYSIS

Tyrell argues that the State did not prove beyond a reasonable doubt that he committed the crime of resisting arrest, because there was insufficient evidence to support the allegation that he did anything to intentionally resist his arrest. We disagree.

I. STANDARD OF REVIEW

When reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State. *State v. Montgomery*, 163 Wn.2d 577, 586, 183 P.2d 267 (2008). If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt from the evidence, we will affirm the conviction. *Montgomery*, 163 Wn.2d at 586. A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

II. RESISTING ARREST

Tyrell argues that the State failed to present sufficient evidence to prove beyond a reasonable doubt that he committed the crime of resisting arrest, because at no time did Tyrell act intentionally to resist arrest. We disagree.

---

[1] Tyrell was also charged with driving under the influence, first degree driving with a suspended license, and third degree assault. Tyrell pleaded guilty to the charge of driving with a suspended license and proceeded to trial on the remaining three counts. At trial, the jury found Tyrell guilty of driving under the influence, but found him not guilty of third degree assault. These charges are not pertinent to this appeal.

A "person is guilty of resisting arrest if he or she intentionally prevents or attempts to prevent a peace officer from lawfully arresting him or her." RCW 9A.76.040(1). "A person acts with intent or intentionally when he or she acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). A person's specific criminal intent to resist a lawful arrest may be inferred from his conduct "where it is plainly indicated as a matter of logical probability." *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

By acting intentionally, a person by law also acts knowingly. *State v. Shipp*, 93 Wn.2d 510, 518, 610 P.2d 1322 (1980). Thus, to intentionally resist an arrest, the arrested person must know he is under arrest. *See State v. Calvin*, 176 Wn. App. 1, 13, 316 P.3d 496 (2013), *review granted on other grounds*, 183 Wn.2d 1013, 353 P.3d 640 (2015). The officer need not formally tell the person that he or she is under arrest, but there must be sufficient evidence that the arrested person knew he or she was under arrest. *Calvin*, 176 Wn. App. at 13. In general, an arrest occurs when an officer manifests intent to detain a suspect in custody and seizes him or her in such a manner as to cause a reasonable person in the circumstances to believe he or she is "under a custodial arrest" and "not free to leave." *State v. Reichenbach*, 153 Wn.2d 126, 135, 101 P.3d 80 (2004); *State v. Patton*, 167 Wn.2d 379, 387, 219 P.3d 651 (2009).

Here, there is sufficient evidence from which a rational jury could conclude that Tyrell intentionally resisted arrest. After the second trooper arrived, Trooper Eisfeldt instructed Tyrell three times to exit the vehicle, but Tyrell locked his car door instead. When Trooper Eisfeldt reached in to unlock the door, Tyrell slapped at Trooper Eisfeldt's arm to prevent him from unlocking the door.

At this point, a rational jury could find that Tyrell reasonably believed he was under a custodial arrest. *See Reichenbach*, 153 Wn.2d at 135. Thus, Tyrell's uncooperative actions

4

became those of intentionally resisting an arrest. Upon removing Tyrell from the vehicle, Trooper Eisfeldt instructed Tyrell to get on the ground, but Tyrell did not comply. Trooper Eisfeldt attempted to force Tyrell to the ground, but Tyrell kept his feet under him despite the goose neck maneuver, and pulled away from Trooper Eisfeldt. When Trooper Eisfeldt attempted to handcuff Tyrell, Tyrell repeatedly pulled his hands away, attempting to prevent the trooper from handcuffing him.

Tyrell argues that he could not have intended to resist arrest, in part because he was not informed that he was under arrest until after he was handcuffed. But sufficient evidence exists to show that Tyrell knew that he was being arrested when Trooper Eisfeldt removed him from the car, attempted to subdue him, and handcuffed him. *State v. Bravo Ortega*, 177 Wn.2d 116, 128, 297 P.3d 57 (2013) ("Examples of conduct that would cause a reasonable person to believe he or she was under arrest include handcuffing the suspect."). A jury could have reasonably inferred that Tyrell was attempting to resist arrest when he "r[an] through the [goose neck] movement" and repeatedly pulled his hands away during Trooper Eisfeldt's attempts to handcuff him. 1 VRP at 131.

Tyrell points out that Trooper Eisfeldt told Tyrell immediately after pulling him over that Tyrell was not under arrest. However, Trooper Eisfeldt stated that Tyrell was not under arrest as he sat in his car, for actions that he had only done up to that point. Indeed, it was *after* Trooper Eisfeldt made these statements that Tyrell escalated his obstructive behavior by locking the car door, slapping the trooper's hand, refusing repeated requests to exit the vehicle, and refusing to comply with the trooper's orders to get on the ground after being forcibly removed from the vehicle. Trooper Eisfeldt's earlier statements that Tyrell was not under arrest applied only to

Tyrell's actions up to that point, and they did not bind the trooper's future ability make an arrest as Tyrell's obstructive behavior escalated throughout the encounter.

These facts, when viewed in the light most favorable to the State, would permit a rational trier of fact to conclude that Tyrell intentionally attempted to prevent Trooper Eisfeldt from lawfully arresting him. Therefore, sufficient evidence supports Tyrell's conviction. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.